

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DARRYL E. FORBES JR., | § § | |
| Petitioner, | § § | |
| v. | § § | No. 4:16-CV-006-A (Consolidated with No. 4:16-CV-175-A) |
| LORIE DAVIS, Director,[1] Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are the petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Darryl E. Forbes Jr., a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petitions should be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL HISTORY

In July 2008 Petitioner was indicted in the Criminal District Court Number Four of Tarrant County, Texas, Case Nos. 1117975D and 1118175D, for possession of marihuana of fifty pounds or less but

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

more than five pounds and possession with intent to deliver methylenedioxymethamphetamine of four grams or more but less than 400 grams. Both indictments also included a deadly weapon finding notice and a repeat offender notice. (SH01 at 44; SH02 at 55.[2]) On July 30, 2009, pursuant to plea agreements, petitioner waived a jury trial and entered guilty pleas to the offenses and pleas of true to the deadly-weapon and enhancement allegations; and the trial court assessed his punishment at 18 years' confinement for each offense, the sentences to run concurrently. (SH01 at 46-51; SH02 at 56-61.) Petitioner did not directly appeal the trial court's judgments of conviction; thus, the judgments became final thirty-two days later on Monday, August 31, 2009. TEX. R. APP. P. 26.2(a)(1). Petitioner sought state habeas relief from his convictions by filing two state habeas applications, one for each conviction, on October 14, 2015,[3] which were denied by the Texas Court of Criminal Appeals on December 23, 2015, without written order on the findings of the trial court. (SH01 at 18 & "Action Taken"; SH02 at 18 & "Action Taken.")

---

[2] "SH01" and "SH02" refer to the state court records for petitioner's state habeas actions in WR-84,209-01 and WR-84,209-02, respectively.

[3] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date he placed the documents in the prison mailing system but do reflect the date they were signed by Petitioner. For purposes of this Opinion and Order, the state applications are deemed filed on that date.

Thereafter, petitioner filed two federal petitions for writ of habeas corpus. The first was filed on December 10, 2015, and the second was filed on February 24, 2016.[4] The actions have been consolidated.

## II. ISSUES

Petitioner raises the following claims in each petition:

(1) He is actually innocent because the state withheld favorable and material evidence from the probable cause affidavit in violation of the due process clause;

(2) He is actually innocent because the state obtained multiple convictions arising out of the same criminal transaction in violation of the double jeopardy clause; and

(3) He is actually innocent because he was improperly advised by his trial counsel to plead guilty to two offenses that constituted a double jeopardy violation in violation of the Sixth Amendment.

## III. STATUE OF LIMITATIONS

Respondent believes the petition is time-barred. (Resp't's Answer at 4-7.) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[4]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). Thus, in this case, the judgments of conviction became final and the one-year

4

limitations period began to run upon expiration of the time that petitioner had for filing timely notices of appeal on August 29, 2009, and closed one year and one day later on Monday, August 30, 2010,[5] absent any applicable tolling. TEX. R. APP. P. 26.2; *Caldwell v. Dretke*, 429 F.3d 521, 528-30 (5th Cir. 2005).

Petitioner's state habeas applications filed on October 14, 2015, over five years after limitations had expired, did not operate to toll the limitations period under § 2244(d)(2). *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2010); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, petitioner's federal petitions are untimely unless petitioner can demonstrate that he is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). "'To be credible,' a claim of actual innocence must be based on reliable evidence not

---

[5]August 29, 2010, was a Sunday.

5

presented at trial" and affirmatively demonstrate innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). New evidence may consist of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" and must be sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schup*, 513 U.S. at 329).

Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claims by entering voluntary and knowing guilty pleas to the offenses. *McQuiggin*, 133 S. Ct. at 1928. *See also United States v. Vanchaik-Molinar*, 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even if *McQuiggin* applies in the context of a guilty plea, petitioner has not made a credible showing that he is actually innocent of the crimes in light of "new evidence." The probable cause affidavit is not "new evidence," and petitioner's other claims simply raise new legal theories.[6]

---

[6]To the extent petitioner urges that the search warrant was invalid based on the probable cause affidavit and, thus, evidence seized during the search of his home was inadmissible, *Schlup* instructs that the "habeas court must make its

6

Petitioner's argument that this court's application of the statute of limitations to his case would be unconstitutional under the suspension and/or due process clauses is equally meritless. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-93 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999). Accordingly, petitioner's federal petitions were due on or before August 30, 2010; therefore, his petitions filed on December 10, 2015, and February 24, 2016, are untimely.

For the reasons discussed herein, the petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are DISMISSED as time-barred and a certificate of appealability is DENIED.

SIGNED January 19, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

determination concerning a petitioner's innocence 'in light of all the evidence including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.'" *Schlup*, 513 U.S. at 328 (citation omitted). Further, even if making a new legal argument against the old evidence against him could meet the *Schlup* test, petitioner's legal arguments do not pass muster.